# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

The Ohio State University,

     Plaintiff,

    v.                        Case No. 2:14–cv–397

Teespring, Inc.,                  Judge Michael H. Watson

     Defendant.

## OPINION AND ORDER

Plaintiff brings this action for trademark infringement and unfair competition under, *inter alia,* the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join necessary parties and failure to state a claim with respect to Plaintiff's claim for contributory infringement (Count Three). In the alternative, Defendant moves to transfer this action to the United States District Court for the District of Rhode Island. For the reasons that follow, the Court **DENIES** Defendant's motion to dismiss for failure to join necessary parties as well as its motion to transfer venue but **GRANTS** Defendant's motion to dismiss Plaintiff's contributory infringement claim.

## I. BACKGROUND

Plaintiff The Ohio State University ("OSU") is a public institution of higher learning with its main campus located in Columbus, Ohio. OSU owns numerous

federally registered trademarks, several of which are the subject of its infringement claims in the instant case.

Defendant Teespring, Inc. ("Teespring") is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.  Teespring operates a website that serves as a platform for individuals to upload t-shirt designs with the goal of attracting enough buyers to make the venture profitable.  Teespring's website states "[j]just design a shirt in our easy designer, set a price, add a goal and start selling!  Collect enough pre-orders and we'll print & ship directly to buyers, you keep the profit!"  http://teespring.com/ (last visited March 31, 2015).

OSU contacted Teespring in December 2013 to object to infringing t-shirts that were made through Teespring's online platform.  Teespring's point person, Alli Shea, responded to OSU stating she would remove the infringing t-shirts from Teespring's website.  Additional infringing t-shirts continued to appear on the Teespring site, and on January 29, 2014, counsel for OSU wrote to Teespring informing it of the additional infringing designs and demanding that Teespring police its website to prevent additional infringements.  Alli Shea responded the next day indicating that Teespring would stop future infringements of OSU trademarks on its website.  OSU alleges that despite that assurance, infringing products continued to be made through Teespring's internet platform.

## II.  DISCUSSION

### A.  Failure to Join Necessary Parties

Teespring first argues that the Court should dismiss this case under Federal Rule of Civil Procedure 12(b)(7) because OSU failed to join necessary parties as required by Federal Rule of Civil Procedure 19.  OSU argues that it was not required to name the sellers as Defendants in this action because federal trademark law provides for joint and several liability.  Rule 19 provides:

> (a) Persons Required to Be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

> We use a three-part test to determine whether a party is indispensable under Rule 19. "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Glancy*, 373 F.3d at 666. "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Id.* "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable." *Id.* (citation and internal quotation marks omitted). Thus, a person or entity "is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." *Id.* (citing 4 Moore's Fed.

Practice § 19.02[3][c], at 19–22).

> A party is necessary under Rule 19 if either (1) in the party's absence, the court cannot accord complete relief among existing parties, Fed. R. Civ. P. 19(a)(1)(A), or (2) if the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (I) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B).

*Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43–44 (6th Cir. 2012). "A person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party." *Temple v. Synthes Corp.*, 498 U.S. 5, 7–8 (1990). As the leading authority on civil procedure observes:

> The question of who must be joined as defendants in patent, copyright, and trademark suits for infringement also is fairly easy to answer. A suit for infringement may be analogized to other tort actions; all infringers are jointly and severally liable. Thus, plaintiff may choose whom to sue and is not required to join all infringers in a single action.

7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1614 (3d ed. 2001) (footnotes omitted). Hence, the sellers are not necessary parties.

In its reply, Teespring argues that the sellers are nevertheless necessary parties because some of the relief OSU seeks can only be obtained from the sellers. Specifically, Teespring asserts that the Court cannot accord complete relief if the sellers are not joined because OSU seeks a broad permanent injunction. Teespring refers to the first paragraph of OSU's prayer for relief:

> The issuance of a permanent injunction enjoining Defendant and its agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them from infringing, falsely designating the origin of the Ohio State Trademarks, and from passing off Defendant's products using Ohio State's Trademarks and/or the Meyer Persona, from using the Ohio State Trademarks and/or the Meyer Persona in commerce in any way, from injuring Ohio State's and Urban Meyer's reputations, and from otherwise violating the rights of publicity in the Meyer Persona that have been assigned to Ohio State.

Amend. Compl. page 24, ECF No. 10, PAGEID # 105. Teespring did not articulate this precise argument in the memorandum in support of its motion to dismiss. Rather, in its memorandum in support of its motion, it argues only generically that OSU seeks relief against the sellers, not Teespring. The Court deems Teespring to have raised its focused argument about relief for the first time in its reply brief. It is therefore not a proper ground for dismissal.

In any event, it is far from obvious that OSU could not obtain complete relief if the sellers are not joined. If the Court enjoins Teespring from infringing OSU's trademarks, it would effectively prevent all future sellers from using the Teespring platform to produce infringing works. Indeed, enjoining the individual sellers who produced the infringing t-shirts that are the subject of this case would be ineffective. It seems reasonable to conclude that new customer-sellers will eventually take their place in creating and ordering t-shirts through Teespring that infringe upon OSU's trademarks.

In sum, the Court finds that the sellers are not necessary parties. For that reason, the Court declines to dismiss this action under Federal Rule of Civil

Procedure 12(b)(7).

## B. Transfer Venue

In the alternative, Teespring argues that the Court should transfer venue of this case to the District of Rhode Island because, *inter alia,* all material documents and witnesses are located in Rhode Island, a Rhode Island court could exercise personal jurisdiction over the sellers, and Teespring is headquartered there. OSU argues that Teespring has failed to demonstrate that the relevant factors overcome OSU's chosen forum.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

> Ordinarily, a district court considering a motion under section 1404(a) must "evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co.*, 134 S.Ct. at 581. The factors relating to the parties' private interests include "'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The public-interest factors may include "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* The Court also must consider the interests of justice, including judicial economy and the avoidance of inconsistent judgments. *See Waal v. AFS Techs., Inc.*, No. 1:14–cv–94, 2014 WL 1347794, at *9 (W.D. Mich. Apr. 4, 2014). . . . The Court must, however, give weight to the plaintiff's choice

of forum. *Atl. Marine Constr. Co.*, 134 S.Ct. at 581.

*North v. McNamara*, --- F.Supp.3d ----, 2014 WL 4684377, at * 3 (S.D. Ohio 2014). Venue rules reflect equity and expediency. *Burlington N.R. Co. v. Ford*, 504 U.S. 648, 651 (1992).

### 1. Private Interests

Teespring argues that the private interests weigh in favor of transfer. It contends that the vast majority of documents and witnesses are located in Rhode Island. Teespring avers that Allison Shea is a key witness in this matter because she was the point person who responded to OSU's identification of specific allegedly infringing campaigns. She works in Rhode Island. The other members of Teespring's employees who manage infringement complaints are likewise located in Rhode Island. Teespring also asserts that Rhode Island is the only jurisdiction in which the sellers are subject to personal jurisdiction.

OSU responds that all of its witnesses are employees of the State of Ohio and reside there. In addition, OSU maintains that voluminous documents relating to the licencing and use of its trademarks are also located in Ohio. OSU asserts that changing venue to Rhode Island would be improper because doing so would only shift the burden of inconvenience.

Teespring contends that the Court should disregard OSU's assertions about its witnesses and documents because OSU does not submit evidence to support those assertions, and the Court cannot properly take judicial notice of

those facts.

The Court tends to agree that it cannot take judicial notice of OSU's assertions. Nevertheless, it stands to reason that OSU's documents and witnesses would be located in the Southern District of Ohio.

Both sides' documents and witnesses are located in their respective preferred forums. Accordingly, the Court finds the private interest factors are neutral in this case.

### 2. Public Interests

Teespring asserts the public interests either weigh in favor of transfer or are neutral. It maintains that the public factor that weighs most in favor of transfer is that this Court should not be burdened with a trial in this District, which has no relation to the cause of action. OSU suggests that the Court can take judicial notice that the overwhelming majority of infringing products made through Teespring's internet platform will be sold to residents of Ohio who are OSU Buckeye fans.

Teespring objects to OSU's assertion that the residency of likely purchasers of infringing products is subject to judicial notice. Once again, the Court agrees that the requirements of judicial notice are not met in this instance. Nonetheless, the Court will not abandon common sense. At the very least, it seems far more than likely that a greater number of Ohio residents would purchase the infringing items than residents of Rhode Island. Moreover, OSU is

the largest public university in Ohio.  Consequently, Ohio has an interest in the protection of OSU's valuable intellectual property rights.  The Court finds that the public factors are neutral or weigh against transfer.

The private interest factors are neutral, the public factors are neutral or weigh against transfer, and the Court must give some weight to OSU's choice of forum.  Considering these factors together, the Court holds that Teespring has failed to demonstrate that transfer of venue to Rhode Island is warranted.  Accordingly, Teespring's motion to transfer venue is denied.

## C.  Failure to State a Claim

Teespring next argues that OSU's claim for contributory infringement against Teespring (Count Three) fails because OSU has not alleged that Teespring knew or had reason to know of specific instances of infringement.  OSU asserts that it has adequately pleaded contributory infringement because it continues to supply its online services to persons with knowledge of ongoing infringing activities.  In addition, OSU maintains that the Court should decline to dismiss Count Three because contributory infringement often entails factual matters that cannot be determined on a motion to dismiss.

The United States Supreme Court first recognized a claim for contributory infringement in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982).  The Court explained:

> As the lower courts correctly discerned, liability for trademark infringement can extend beyond those who actually mislabel goods with the mark of another. Even if a manufacturer does not directly control others in the chain of distribution, it can be held responsible for their infringing activities under certain circumstances. Thus, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit.

*Id.* at 853–54.  The Sixth Circuit addressed a contributory infringement claim against the operator of a flea market in *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502–05 (6th Cir. 2013).  The court upheld an award of damages against the operator who "continued to rent spaces at his flea market to vendors that he knew, or should have known, were engaging in infringing activity."  *Id.* at 504.  In fact, the defendant in *Coach* continued to rent space to vendors that he knew, or should have known, were selling infringing products *after*: (1) he received a cease and desist letter from the plaintiff, (2) he received a warning letter from the district attorney informing him that he was willfully violating state and federal law, (3) law enforcement raided the flea market three times, and (4) the plaintiff filed a trademark infringement case against him.  *Coach*, 717 F.3d at 503–04.  In addition, the court noted the operator's responses after receiving multiple notices of infringement were feeble.  *Id.* at 504.  Specifically, his remedial measures consisted of distributing pamphlets, holding a voluntary meeting with some vendors, and asked as many as sixteen vendors to leave during a period of one

year. *Id*.

Teespring additionally cites case law from other Circuits to the effect that a defendant's general knowledge that some portion of people who use its service might engage in trademark infringement is insufficient to establish contributory infringement. *See 1-800 Contacts, Inc. v. Lens.Com, Inc.*, 722 F.3d 1229, 1253 (10th Cir. 2013); *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144 (4th Cir. 2012); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010). The court in *Rosetta Stone* stated:

> It is not enough to have general knowledge that some percentage of the purchasers of a product or service is using it to engage in infringing activities; rather, the defendant must supply its product or service to "identified individuals" that it knows or has reason to know are engaging in trademark infringement.

676 F.3d at 163; *see also eBay*, 600 F.3d at 107 ("For contributory trademark infringement liability to lie, a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary."). These decisions that require more than general knowledge of some infringing activity are consistent with *Inwood*, which held that a defendant is liable for contributory infringement if "it continues to supply its product to *one* whom it knows or has reason to know is engaging in trademark infringement." 456 U.S. at 854 (emphasis added). The phrase "one whom it knows" connotes specific, identifiable individuals, not unknown people

who may from time to time engage in infringing activities.

Both sides in this conflict purport to rely on the same case law in arguing their respective positions. Under that case law, Teespring prevails. Even construing the Amended Complaint in the light most favorable to OSU, OSU falls short of plausibly pleading that Teespring had the requisite knowledge to hold it liable for contributory infringement. In essence, the Amended Complaint avers that OSU alerted Teespring to specific incidents of infringement. It stops short, however, of alleging that Teespring turned a blind eye and continued to allow the same individuals to infringe on OSU's trademarks. Rather, at most, the Amended Complaint indicates that Teespring was generally aware that the platform it provides is sometimes used to create infringing products. Those allegations do not meet the standard articulated in *Inwood* and its progeny. Accordingly, the Court dismisses OSU's contributory infringement claim, Count Three of the Amended complaint, for failure to state a claim.

### III. DISPOSITION

For the above reasons, the Court **DENIES** Teespring's motion to dismiss for failure to join necessary parties as well as its motion to transfer venue to Rhode Island. The Court **GRANTS** Teespring's motion to dismiss OSU's claim for contributory infringement set forth in Count Three of the Amended Complaint.

The Clerk shall remove ECF No. 12 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**