## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| THE OHIO STATE UNIVERSITY, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 2:14-CV-0397 |
| | : | |
| v. | : | Judge: Michael H. Watson |
| | : | Magistrate Judge: Terence P. Kemp |
| TEESPRING, INC., | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF THE OHIO STATE UNIVERSITY'S MOTION FOR
## CERTIFICATION TO APPEAL INTERLOCUTORY ORDER

Pursuant to 28 U.S.C. §1292(b), Plaintiff The Ohio State University ("Ohio State") respectfully moves the Court to certify for immediate appeal that portion of its April 13, 2015 Order granting Defendant's Motion to Dismiss Ohio State's claim for contributory trademark infringement.

Specifically, Ohio State seeks to have the following issues determined on appeal:

Whether the law of contributory infringement requires the defendant to have specific knowledge of each incident of infringement *by a specific, identifiable individual*, as the Court ruled in its April 13, 2015 Order, or whether a plaintiff may state a claim for contributory infringement by pleading that it put the defendant on notice of infringing activity occurring on a platform that the defendant controls, that the infringing activity continued after the defendant received such notice, and that the defendant nevertheless continued to provide the platform that it knew or should have known enabled infringement of the plaintiff's trademarks.

Certification should be granted because that portion of the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and because "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

In the alternative, Ohio State respectfully moves the Court to certify for immediate appeal the above referenced portion of its April 13, 2015 Order pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, since final judgment has been entered as to "one or more, but fewer than all, claims" and "there is no just reason for delay." F.R.C.P. 54(b).

A memorandum in support is attached.

Respectfully Submitted,

Michael DeWine
Attorney General of Ohio

/s/ Joseph R. Dreitler
Joseph R. Dreitler (0012441)
Mary R. True (0046880)
DREITLER TRUE LLC
19 E. Kossuth Street
Columbus, Ohio 43206
(614) 449-6677
jdreitler@ustrademarklawyer.com
mtrue@ustrademarklawyer.com

Attorneys for Plaintiff
The Ohio State University

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant TeeSpring, Inc. ("TeeSpring") is an online print-on-demand clothing manufacturer.  *See* TeeSpring, www.teespring.com (last visited May 26, 2015).  Website users upload designs to TeeSpring's website and TeeSpring then manufactures clothing bearing those designs and ships the items to the users—with no questions asked.  Through that business model, TeeSpring often arranges for the manufacture of counterfeit apparel—that is, clothing bearing trademarks legally owned by others, including Ohio State, which TeeSpring and its customers have no right to use.  TeeSpring is not a technology.  The wide-scale infringement TeeSpring enables is not the inevitable byproduct of a new technology; it is a business whose success has been owed in large part to its facilitation of apparel counterfeiting and the theft of valuable trademarks.

In Count III of its Amended Complaint, Ohio State alleges that TeeSpring committed contributory trademark infringement.  The basis for the claim is this: Ohio State had given TeeSpring notice of specific acts of infringement and counterfeiting of Ohio State's trademarks on the TeeSpring.com website (Am. Compl. ¶ 35); acts of infringement and counterfeiting of Ohio State's trademarks continued even after TeeSpring received such notice (*Id.*); and TeeSpring nevertheless continued to supply its online services to its customers despite specific knowledge that TeeSpring's platform and online services continued to facilitate infringement of Ohio State's trademarks (*Id.* ¶¶ 35-38, ¶¶ 58-59).

TeeSpring moved to dismiss Ohio State's claim for contributory infringement, and this Court granted TeeSpring's request to dismiss that claim.  Yet it did so on grounds that went beyond even what TeeSpring had argued.  This Court ruled that Ohio State's contributory infringement claim failed because Ohio State had not alleged that TeeSpring "turned a blind eye

3

and continued to allow *the same individuals* to infringe on OSU's trademarks."  Order at 12, ECF No. 28 (emphasis added).

Ohio State's Amended Complaint details specific instances of infringement, showing that even after the original Complaint was filed—subsequent to Ohio State's cease-and-desist letter—TeeSpring continued to produce infringing apparel bearing Ohio State trademarks.  *See* Am. Compl. ¶¶ 37-41.  The Amended Complaint pleaded actual and specific instances of infringement, and even contained embedded photographs of infringing apparel.  Still, absent a pleading or showing that TeeSpring allowed "the same individuals" to infringe, this Court concluded that Ohio State's Amended Complaint "at most . . . indicates that TeeSpring was generally aware that the platform it provides is sometimes used to create infringing products." Order at 12.

With respect for this Court's ruling, and appreciation for the Court's efforts to reconcile a constellation of case law on this subject, Ohio State urges the Court to certify that portion of the Order that dismisses Count III of the Amended Complaint so that the Sixth Circuit can definitively address the standard for determining liability for contributory trademark infringement.  Specifically, does the law of contributory infringement require the seller to have specific knowledge of each incident of infringement *by a specific, identifiable individual*?  Or may a plaintiff state a claim for contributory infringement by pleading that the seller continued to support and facilitate conduct that the seller knew or had reason to know infringed the plaintiff's trademarks?  Ohio State maintains that the latter formulation is the proper legal standard for contributory infringement, and the one espoused by numerous other courts, and that it is vital for the Sixth Circuit to speak to this issue before Ohio State's contributory infringement claim is precluded.

## II.     STATEMENT OF FACTS

The facts in this case are not in dispute.  Accordingly, this matter is suited for immediate appeal to the Sixth Circuit as a pure question of law concerning the proper legal standard for evaluating a claim of contributory infringement.  The following are the key facts underlying the issue for appeal:

- TeeSpring provides its Sellers with online design tools that permit its Sellers to create and upload designs, start a "campaign" on the TeeSpring.com website, and set goals for the amount of shirts they want to sell.  TeeSpring Motion to Dismiss at 3, ECF No. 12; Am. Compl. ¶ 33.

- Orders are placed through TeeSpring.com, and TeeSpring collects money from the purchasers.  Once the Seller's goal is met, TeeSpring arranges for the shirts to be manufactured and TeeSpring ships the shirts.  TeeSpring Motion to Dismiss at 3.

- Genuine Ohio State merchandise is produced and manufactured only by licensees of Ohio State.  Am. Compl. ¶¶ 28-29.

- TeeSpring is not a licensee of Ohio State; accordingly, any Ohio State design that appears on TeeSpring.com is infringing or counterfeit.  *Id.* ¶ 32.

- Ohio State has informed TeeSpring of prior instances of infringing and counterfeit Ohio State products created, promoted, and sold through TeeSpring.com, and TeeSpring has removed those specific campaigns.  *Id.* ¶ 35; TeeSpring Motion to Dismiss at 5-6.

- Infringing and counterfeit Ohio State merchandise continues to be created, promoted, and sold through TeeSpring.com.  Am. Compl. ¶¶ 37-40.

## III.     APPLICABLE LAW

### A.   28 U.S.C. 1292(b)

As set forth by Judge Barrett in *US ex rel. Elliott v. Brinkman Group Ltd., LLC*, 845 F. Supp. 2d 858 (S.D. Ohio 2012), the District Court, in its discretion, may certify an order for interlocutory appeal under 28 U.S.C. 1292(b) if the following conditions are met:

- The order being appealed involves a controlling question of law;
    - A legal issue is controlling if it could materially affect the outcome of the case and is a pure issue of law
- A substantial ground for difference of opinion exists regarding the correctness of the decision;
    - A substantial ground for difference of opinion exists only when:
        - The question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;
        - The question is difficult and of first impression;
        - A difference of opinion exists within the controlling circuit; or
        - The circuits are split on the question
- An immediate appeal may materially advance the ultimate termination of the litigation
    - i.e., reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens and expense

All of these conditions are met with respect to the Court's April 13, 2015 Order granting

Defendant's Motion to Dismiss Ohio State's claim for contributory trademark infringement.

Accordingly, certification under §1292(b) is proper.


**B.  F.R.C.P. 54(b)**

Rule 54(b) provides for immediate appellate review of orders that dispose of some but

not all claims in a lawsuit.  *Mott v. Lucas*, 2011 WL 3705131 (N.D. Ohio).  Defendant's Motion

to Dismiss addressed only the Contributory Trademark Infringement Claim (Count III) of

Plaintiff's Complaint.  The remaining claims for Trademark Infringement (Count I) and Unfair

Competition/Passing Off (Count II), Violation of Right of Publicity (Count IV)  and

Counterfeiting (Count V)  are yet to be resolved.  However, in dismissing Count III of the

Amended Complaint, the Court's Order was final as to that claim.

Certification for appeal under Rule 54(b) is appropriate under the following circumstances:

- The judgment being appealed is a <u>final</u> judgment as to one or more, but fewer than all, claims; and
- There is no just reason for delay.

*Curtiss-Wright Corporation v. General Electric Company*, 446 U.S.1, 100 S.Ct. 1460 (1980).

- o Factors taken into account in determining whether there is no just reason for delay include:
  - ▪ Whether adjudicated claim is separable from the claims remaining to be adjudicated (e.g., whether claims do or do not share a single aggregate of operative facts and seek to recover for the same underlying injury);
  - ▪ Whether need for review might be mooted by future developments in the district court;
  - ▪ Whether nature of the claims are such that appellate court may have to consider the same issue a second time on a separate appeal;
  - ▪ Whether there are other claims which could result in set-off against the judgment sought to be made final;
  - ▪ Other factors, such as delay, economic and solvency considerations, shortening time of trial, frivolity of competing claims, expense and the like.

*Corrosioneering, Inc. v. Thyssen Environ. Sys., Inc.,* 807 F.2d 1279, 1283 (6th Cir. 1986);

*Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 61 n.2 (6th Cir. 1986).

## IV.    ARGUMENT

### A.    The Contributory Infringement Aspect of the Ruling Should Be Certified For Immediate Appeal Pursuant to 28 U.S.C. § 1292(b).

Because this issue involves "a controlling question of law as to which there is substantial ground for difference of opinion," 28 U.S.C. §1292(b), and because there are no material facts in dispute on this subject, clarification by the Sixth Circuit is both warranted and appropriate.

#### a.    The Contributory Infringement Portion of the Order Presents a Controlling Question of Law.

Courts have ruled that a question of law is controlling if resolving the issue through an immediate appeal could affect the further course or outcome of the litigation, if the issue has precedential value, if the issue is central to liability, or if resolving the issue would save substantial time and resources. *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018-19 (W.D. Tenn. 2000); 16 Wright & Miller, *Federal Practice and Procedure* § 3930 (2d Ed. 1996). All of those factors are satisfied here.

7

Without question, the knowledge required for contributory trademark infringement is a critical legal question, central to a complete resolution of this case.  The level of knowledge was the basis for this Court's ruling dismissing Ohio State's contributory infringement claim. Moreover, resolving this issue now is also important for the sake of time and resources.  Under the stringent standard set forth in the Court's Order, Ohio State will be forced to file separate lawsuits against TeeSpring each time it learns of a new infringement and customer infringer.

Given the growing popularity (and profitability) of the production-on-demand business model for apparel manufacturing, Ohio State will continue to be faced with this issue as new retailers come online.  For example, Ohio State recently learned of another company owned by TeeSpring, Fabrily.com, with an identical business model.  *See* Sarah Perez, *Custom Apparel Platform Teespring Acquires London-Based Fabrily To Expand Internationally*, TechCrunch (Jan. 28, 2015), http://tinyurl.com/q2xu9cf.  Fabrily is based overseas, but can and will provide products to U.S. customers, and has already run an Ohio State-based campaign.  *See* Fabrily, OH Girl, https://fabrily.com/ohhg (last visited May 26, 2015).  Accordingly, clarification of this issue will also have precedential value for future cases Ohio State and other trademark owners may have to file against other online on-demand print operations.  And those cases are not mere distant hypotheticals.  For example, *Victoria's Secret Stores Brand Management, Inc. v. CafePress, Inc.* is another case in this district involving contributory infringement.  Case No. 2:14-cv-02586.  That case is still in its very early stages and pending in this District before Judge Frost.

Should the Sixth Circuit disagree with this Court's decision to raise the knowledge standard for contributory trademark infringement, Ohio State will be able to resolve all issues of

contributory liability now and going forward with TeeSpring, and the decision will be binding on future lawsuits with other on-demand printers, which would conserve judicial resources.

> **b. There exist substantial bases for a difference of opinion on the question of the degree of knowledge a defendant must be alleged to possess for a plaintiff to sufficiently state a claim for contributory trademark infringement.**

A matter is also well-suited for immediate appeal under 28 U.S.C. 1292(b) when there is substantial ground for difference of opinion requiring clarification by the appeals court.

> i.  There is a difference of opinion in case law addressing this issue.

Substantial grounds for a difference of opinion exist, among other things, "when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *U.S. ex rel. Elliott v. Brinkman Group Ltd.*, 845 F. Supp. 2d 858, 866 (S.D. Ohio 2012); *W. Tenn. Chapter of Associated Builders and Contractors*, 138 F. Supp. 2d at 1019.  This Court's ruling on Ohio State's contributory infringement claim significantly departs from past precedent and therefore creates a difference of opinion within this circuit and also among courts nationally.  As a result, clarification and review by the Sixth Circuit is warranted.

The manufacturing and distribution of counterfeit and trademark-infringing goods is a serious and widespread problem, particularly as to online marketplaces, like TeeSpring, that provide third parties with relative anonymity and inexpensive goods.  To protect trademark owners, the law has long provided a fair standard for determining when a party can be held liable for contributing to infringing actions of another.  In *Inwood Laboratories, Inc. v. Ives Laboratories*, the U.S. Supreme Court held that a party can be liable if it induced the infringement or if it continued to facilitate conduct it knew or had reason to know was infringing. 456 U.S. 844, 854 (1982).

9

In the more than thirty years since *Inwood* was decided, the standard for contributory trademark infringement has been fairly applied in a number of contexts. Importantly, contributory liability cases have never focused exclusively on requiring knowledge by the defendant of specific individual infringers, as this Court has now required. Rather, courts have considered the totality of the circumstances and then asked whether that should be sufficient to warrant the imposition of contributory liability. By way of just a few examples:

- In *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 503-05 (6th Cir. 2013), the Sixth Circuit found that the defendant, a flea market operator, was liable for contributory infringement because he "continued to supply flea market resources to vendors with knowledge of and willful blindness toward ongoing infringing activities, thereby facilitating continued infringing activity." The Sixth Circuit further found that the remedial measures taken by the defendant after he was informed of the sale of counterfeit items by some of the vendors were insufficient and concluded that the defendant had engaged in "ostrich-like practices."

- In *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264-65 (9th Cir. 1996), the Ninth Circuit held that allegations of generalized knowledge of counterfeiting were sufficient to state a claim. The court upheld the sufficiency of a complaint alleging that the operator of a swap meet had knowledge of counterfeiting based on prior seizures followed by law enforcement letters noting continuing, unspecified acts of counterfeiting.

- In *GEICO v. Google, Inc.*, 330 F. Supp. 700 (E.D. Va. 2004), the court found that "The claim that Overture monitors and controls the third-party advertisements is sufficient to plead the actual or constructive knowledge required to allege contributory infringement."

- In *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. 2011), the Ninth Circuit held that an operator of an internet server was liable for contributory trademark infringement because it knew the websites it hosted on its servers sold counterfeit Louis Vuitton goods. The court noted that defendants had control over both the services and the internet servers it provided on the web sites—just like TeeSpring's business. The court went on to say that "The only 'intent required was evidence that defendants provided their services with actual or constructive knowledge that the users were engaging in trademark infringement." An express finding of intent is not required.

Under the approach of these cases, *specific knowledge of particular infringers has never been required*. A more general level of knowledge has historically been sufficient to support a finding of contributory liability.

This Court's Order imposes a much stricter standard that requires a plaintiff to plead that the defendant knew it was the "same individuals" repeatedly using its site to infringe on another's trademarks, rather than specifically showing that the defendant is enabling the same type of third-party infringement. This is difficult to square with prior precedents and the law from other circuits on contributory trademark infringement.

> ii.     The Court's Order is a departure from the common law roots of contributory trademark infringement

There is another basis for immediate appeal as well, beyond the fact of discrepancies with prior precedent and other circuits. This heightened standard—that a plaintiff must plead and show that it is the "same individuals" who are using the defendant's platform to infringe—also clashes with the common law roots of the contributory infringement doctrine.

Federal statutory law does not contain express contributory liability provisions—either as to copyright (in the Copyright Act) or trademark (in the Lanham Act). Contributory infringement in both domains is widely recognized as being derived from common law tort theories. See *Hard Rock Cafe Licensing Corp. v. Concession Serv., Inc*., 955 F.2d 1143, 1148 (7th Cir. 1992) (trademark infringement is a "species of tort" and "appropriate boundaries" of contributory infringement liability are "guide[d] by "common law");  4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* 25:17 (4th ed. 2012) (contributory trademark infringement is "a judicially created doctrine 'that derives from the common law of torts'") (quotation and citation omitted).

Common law contributory liability principles, as articulated in the Restatement of Torts and Unfair Competition, recognize that (1) constructive knowledge is a sufficient trigger for contributory liability; and, most important for this case, (2) constructive knowledge can be shown by proof of prevalent infringement by third parties, regardless of whether the contributory infringer has knowledge of specific primary infringers or infringing transactions. Restatement (Third) of Unfair Competition § 27 (1995).

The primary bases for imposing contributory liability in tort law are (1) active inducement or (2) assistance to the direct tortfeasor where the contributory tortfeasor knows or has reason to know that the other "is acting or will act tortiously." Restatement (Second) of Torts § 877(c) (1979). This is the *very test* mirrored by *Inwood*, which held that contributory trademark infringement lies (1) "if a manufacturer or distributor intentionally induces another to infringe" or (2) "continues to supply . . . to one whom it knows or has reason to know" is a direct infringer. 456 U.S. at 854.

*Inwood*'s "reason to know" claim for contributory trademark infringement is the typical expression of a negligence standard. Restatement (Second) of Torts § 877(c) (citation omitted). This standard does not require knowledge of specific individual infringers to attach contributory liability. The specific, actual knowledge standard articulated by this Court, however, turns contributory infringement into an intentional tort—and a highly intentional and specific one at that. Before this case proceeds under a new standard that reflects a significant movement away from the common law roots of this claim, Sixth Circuit review is warranted.

In short, other case law on this issue as well as the common law roots of contributory liability raise legitimate questions about the heightened standard for specific knowledge

announced by the Court, and thus merit review by the Sixth Circuit before Ohio State's claim is precluded in this case and possibly others.

### c. An immediate appeal may materially advance the termination of the litigation.

An immediate appeal is also favored "where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *W. Tenn. Chapter of Associated Builders and Contractors*, 138 F. Supp. 2d at 1026. As noted in *Elliott*, "[a]n interlocutory appeal will materially advance the litigation if it will 'save substantial judicial resources and litigant expense." 845 F. Supp. 2d at 871. Thus, "an interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *W. Tenn. Chapter of Associated Builders and Contractors*, 138 F. Supp. 2d at 1026. The judge in that case observed:

> This analysis appears to overlap with the first element's determination of whether the question of law presented is "controlling." If a question of law is "controlling," and if an appeal definitively determines that question, then such an appeal will almost certainly "materially advance the ultimate termination of the litigation," and, "save substantial judicial resources and litigant expense." 28 U.S.C. § 1292(b); *In re Regions Morgan*, 741 F.Supp.2d at 849; *U.S. ex rel. Elliott*, *supra,* 845 F.Supp.2d at 871.

Furthermore, as noted above, given the ongoing and recurring litigation between trademark owners and on-demand apparel printers, such as the *Victoria's Secret* case currently pending before Judge Frost, an immediate appeal to clarify the appropriate knowledge standard for contributory trademark infringement clearly will materially advance the termination of this and other litigation. A Sixth Circuit ruling on this issue will assist this Court and others in ruling on the merits of similar claims for contributory trademark infringement. *See*, *e.g.*, *Black & Decker (US), Inc. v. Smith*, Case No. 1:07-cv-1201, 2008 WL 3850825, at *10 (W.D. Tenn.

August 13, 2008).  Finally, an immediate review of this issue "'may avoid protracted and expensive litigation,' which was Congress' intention in enacting § 1292(b)." *Abrams v. United Steel Works of Am.*, No. 1:07-cv-181, 2009 WL 700699 (S.D. Ohio March 13, 2009) (Dlott, C.J.) (*citing Kraus v. Bd. of Country Rd. Comm'rs for Kent County*, 346 F.2d 919, 922 (6th Cir. 1966)).

> **B.  The Contributory Infringement Aspect of the Ruling Should Be Certified For Immediate Appeal Pursuant to F.R.C.P. 54(b).**

In the alternative, because final judgment has been entered as to "one or more, but fewer than all, claims" and "there is no just reason for delay," F.R.C.P. 54(b), clarification by the Sixth Circuit is both warranted and appropriate.

> **a.  Judgment as to the contributory infringement aspect of the ruling is a final judgment as to one or more, but fewer than all, claims in the present case**

As the Supreme Court of the United States stated in *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S.1, 100 S.Ct. 1460 (1980) "[I]n making determinations under Rule 54(b)[,] [a] district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" 100 S.Ct. 1460 at 1464. In its April 13, 2015 Order, the Court dismissed Plaintiff's contributory infringement claim (Count III of the Plaintiff's Amended Complaint [Dkt. 10]), effectively adjudicating the claim in an ultimate manner. However, still pending before the Court are Plaintiff's four other claims, namely, infringement of registered trademarks (Count I of Plaintiff's Amended Complaint), unfair competition and passing off (Count II of Plaintiff's Amended Complaint), violation of right of publicity (Count IV of Plaintiff's Amended Complaint), and counterfeiting (Count V of Plaintiff's Amended

14

Complaint). Consequently, final judgment has been rendered as to one or more, but fewer than all, claims. "The first step in certification, entry of partial final judgment, is satisfied where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *General Acquisition, Inc. v. GenCORP, Inc.*, 23 F. 3d 1022, 1027 (6th Cir. 1994).

### b. There is no just reason to delay an appeal of the final judgment as to the contributory infringement aspect of the ruling.

"The second step in certification, determination of no just reason for delay, requires the district court to balance the needs of the parties against the interests of efficient case management." (*Id.* at 1027). As noted in *Mott v. Lucas*:

> The Sixth Circuit has set forth a nonexhaustive list of factors for determining whether there is a just reason to delay: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity or competing claims, expense and the like. *Mott v. Lucas*, 2011 WL 3705131.

#### i. The relationship between the adjudicated and unadjudicated claims

In the present case, the claim for contributory infringement is separate and distinct from the other claims. The standards and requirements for determining liability for the claims are unique to each claim, so finding TeeSpring liable for infringement of registered trademarks, unfair competition and passing off, violation of right of publicity, and/or counterfeiting would not necessarily result in a finding of liability as to contributory infringement, and vice versa. This fact is made evident in that the contributory infringement claim was dismissed in the Court's April 13, 2015 Order but the other claims remain pending.

15

> ii-iv. The possibility that the need for review might or might not be mooted by future developments in the district court, the possibility that the reviewing court might be obliged to consider the same issue a second time, and the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made fin*al*

As noted above, the standards and requirements for determining liability for the contributory infringement claim and the other claims are unique to each claim, so regardless of how the Court would rule on the other remaining claims, a claim for contributory infringement would not be decided on the same factors. Issues particular to the contributory infringement claim, as outlined and discussed above in Section A(a-b), would still remain regardless of future developments, so a review of the judgment as to the contributory infringement claim would be warranted.

> v. Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity or competing claims, expense and the like

As discussed above in Section A(c), an immediate appeal would save substantial judicial resources and litigant expense, would materially advance the termination of this and other litigation, and may avoid protracted and expensive litigation.

## V.     CONCLUSION

For the above reasons, Plaintiff  respectfully requests that this Court's ruling granting Defendant's Motion to Dismiss Plaintiff's claim for contributory trademark infringement be certified for appeal pursuant to 28 U.S.C. §1292(b) and/or Fed. R. Civ. P. 54(b).

Respectfully Submitted,

Michael DeWine
Ohio Attorney General

/s/ Joseph R. Dreitler
Joseph R. Dreitler (0012441)
Mary R. True (0046880)
DREITLER TRUE LLC
19 E. Kossuth Street
Columbus, Ohio 43206
(614) 449-6677
jdreitler@ustrademarklawyer.com
mtrue@ustrademarklawyer.com

Attorneys for Plaintiff
The Ohio State University

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2015, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Parties may access this filing through the court's system.

/s/Mary R. True